IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERAMY J. MITCHELL *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 2:15-CV-163 |
| | § | |
| YELLOWJACKET OILFIELD SERVICES, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

In his complaint, Plaintiff seeks unpaid overtime wages and brings a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  Dkt. No. 1 at 1.  The Court has before it the parties' Joint Motion for Order Approving Settlement and Entry of Final Judgment Dismissing Lawsuit with Prejudice.  Dkt. No. 13.

This Court has not certified this case, conditionally or otherwise, as an FLSA collective action, but five additional plaintiffs have filed notices opting into this case.  *See* Dkt. Nos. 7–11; 29 U.S.C. § 216(b) (2012).  This Court must approve the parties' settlement.  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Tran v. Thai*, No. H-08-3650, 2009 WL 3060400 (S.D. Tex. Sept. 24, 2009) (analyzing motion to approve settlement of FLSA collective action where case was not certified and no other plaintiff joined); *Beardslee v. Randalls Food & Drugs LP*, No. H-09-1200, 2009 WL 1957714 (S.D. Tex. July 7, 2009) (same).  To approve the settlement of an FLSA collective action, the Court must "determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable."  *Altier v. Worley*

1

*Catastrophe Response, LLC*, No. 11-241, 11-242, 2012 WL 161824, at *13 (E.D. La. Jan 18, 2012) (citations omitted).

The Court cannot approve the proposed settlement on this record. The parties' attorneys represent that pursuant to Federal Rule of Civil Procedure 11(b) a bon fide dispute exists and the terms of their settlement agreement are "fair and equitable." Dkt. No. 13 at 2. They do not, however, specify those terms or elaborate further. *See id*. Recently, identical representations have led to approval of a proposed settlement agreement in this Court, but the parties filed a sealed document supporting their motion to approve the settlement in that case. *See* Sealed Event & Order Granting Mot. to Approve Settlement, *Fausnight v. Yellowjacket Oilfield Services, LLC*, No. 2:15-CV-66, Dkt. No. Nos. 12, 13 (S.D. Tex. Mar. 10, 2015). Here, in contrast, the parties have not filed their settlement agreement or made more than conclusory representations that it is fair and reasonable. *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d. 714, 720 (E.D. La. 2008) (declining to rely on parties' conclusory representations in memorandum of law filed in support of motion to approve settlement because, "for the inquiry to have any meaning for a court reviewing a settlement, it must do more than just take a face value the parties' assertion that there is 'no doubt' that the lawsuit involves a bona fide dispute over FLSA coverage"). Consequently, this record must be further developed before the Court can decide if it should approve the parties' settlement agreement.

For these reasons, the Court **DENIES** the parties' Joint Motion for Order Approving Settlement and Entry of Final Judgment Dismissing Lawsuit with Prejudice, Dkt. No. 13, **WITHOUT PREJUDICE**. The parties may refile their motion to approve their settlement agreement within twenty-one days after the entry of this order. If appropriate, the motion should be

supported by "proof by affidavit or other documentary evidence." S.D. Tex. Civ. R. 7.7. Any party wishing to file a document, such as a proposed settlement agreement, under seal must file a motion to seal, which may be joined with a motion to approve the settlement agreement. *See generally Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008).

It is so ORDERED.

SIGNED this 15th day of July, 2015.

Hilda Tagle
Senior United States District Judge